UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>               Plaintiff,<br><br>        v.<br><br>MAIRE & DEEDON, A LAW<br>CORPORATION, et al.,<br><br>               Defendants. | No.  2:26-cv-0318 TLN AC PS<br><br><br>ORDER TO SHOW CAUSE |

On February 5, 2026, plaintiff filed this action in pro se and paid the filing fee.  ECF No. 1.  Pre-trial proceedings are referred to the undersigned pursuant to Local Rule 302(c)(21).  The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, which requires dismissal of the case.

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

Plaintiff, who identifies herself as a pro se whistleblower, is suing Maire & Deedon, a

1

California Law Corporation, and Patrick L. Deedon for ethics violations, conflicts of interest, abuse of process, and constitutional violations arising from their continued representation of Misti Livingston in a related federal case, 2:24-cv-2854-DC-SCR, after Deedon's appointment to the Shasta County Superior Court on November 24, 2025.  ECF No. 1 at 1.  Plaintiff asserts federal question jurisdiction pursuant to her constitutional claims brought under 42 U.S.C. § 1983.  Id. at 2.  Plaintiff alleges that defendants violated her constitutional rights under the First and Fourteenth Amendments.  Id. at 3.  Plaintiff also brings state law claims.  Id.

A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).  Though plaintiff invokes federal question jurisdiction, she does not invoke any plausible federal claim.

Plaintiff's allegations do not support any basis for federal jurisdiction because plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983 appear to be frivolous on their face. To state a claim under §1983, a plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (alteration in original, emphasis in original) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

Subject to narrow exceptions that do not appear to be appliable here based on the facts alleged, private corporations and individuals are not subject to §1983.  To be subject to §1983, a

defendant must act under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). The allegations as drafted make clear that defendants were not acting under color of state law, and accordingly, plaintiff cannot succeed on a §1983 claim against defendants. Without a viable federal cause of action, this court would not retain jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days of this order, why this court has subject matter jurisdiction over this case. If plaintiff fails to timely respond, the court will recommend dismissal of this case.

DATED: February 10, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3