UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOLORES LUCERO,

           Plaintiff,

    v.

MARIE & DEEDON, et al.,

           Defendants.

No.  2:26-cv-0318 TLN AC PS

FINDINGS AND RECOMMENDATIONS

On February 5, 2026, plaintiff filed this action in pro se and paid the filing fee.  ECF No. 1.  Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The undersigned reviewed the complaint and, believing that this court lacks subject matter jurisdiction to hear plaintiff's case, issued an Order to Show Cause to plaintiff requiring that she respond and demonstrate that federal jurisdiction exists.  ECF No. 6.  Plaintiff did not respond.  The undersigned therefore recommends that this case be dismissed for lack of jurisdiction and for failure to prosecute.

The complaint, which describes plaintiff as a pro se whistleblower, asserts claims against Maire & Deedon, a California Law Corporation, and Patrick L. Deedon for ethics violations, conflicts of interest, abuse of process, and constitutional violations arising from their continued representation of Misti Livingston in a related federal case, 2:24-cv-2854-DC-SCR, after Deedon's appointment to the Shasta County Superior Court on November 24, 2025.  ECF No. 1

1

at 1.  Plaintiff asserts federal question jurisdiction based on her putative constitutional claims under 42 U.S.C. § 1983.  Id. at 2.  Plaintiff alleges that defendants violated her constitutional rights under the First and Fourteenth Amendments.  Id. at 3.  Plaintiff also brings state law claims. Id.

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

A case "arises under" federal law for jurisdictional purposes either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

Although plaintiff invokes federal question jurisdiction, her dispute with defendants does not support any plausible federal claim.  The defendants are private parties sued for their private conduct, and plaintiff's assertions of constitutional violations (ECF No. 1 at 3) therefore fail as a matter of law.  The First Amendment forbids the government from limiting speech, it does not constrain the conduct of private parties.  Manhattan Community Access Corp. v. Halleck, 587 U.S. 802, 808 (2019).  The Due Process Clause requires the government to provide fair proceedings, it does not impose any duties on private parties.  Shelley v. Kraemer, 334 U.S. 1, 13 (1948).  And the Equal Protection Clause prohibits governmental discrimination, not private

discrimination.  Hurley v. Irish-American Gay, Lesbian, & Bisexual Group of Boston, 515 U.S. 557, 566 (1995).  As a matter of fundamental constitutional doctrine, therefore, plaintiff cannot state a claim.

Moreover, the putative federal claims are defective because the defendants, as private parties, are not subject to suit under 42 U.S.C. § 1983.  To state a claim under §1983, a plaintiff must allege among other things that the defendant acted under color of state law.  Karim- Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  Subject to narrow exceptions that are not implicated on the facts alleged here, private corporations and individuals do not act under color of state law.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299 326 (1941)).  The allegations of the complaint make clear that defendants were not acting under color of state law, and plaintiff therefore cannot maintain a §1983 claim against them.  Without a viable federal cause of action, this court would not retain jurisdiction over state law claims.  See 28 U.S.C. § 1367(c)(3); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

Plaintiff's failure to respond to the court's order to show cause provides a secondary basis for dismissal.  Plaintiff was cautioned that failure to respond would result in a recommendation that this case be dismissed.  ECF No. 5 at 3.  In recommending dismissal for failure to prosecute, the undersigned has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

It is accordingly RECOMMENDED that this case be dismissed without prejudice for lack of subject matter jurisdiction and lack of prosecution.

/////

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 2, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4